## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TRUXEDO, INC., a
Delaware Corporation,

     Plaintiff,

v.                                                                    Case No:

M2 DISTRIBUTION, LTD.,
a Washington corporation,

     Defendant.

_____/

## COMPLAINT

For its Complaint, Plaintiff Truxedo, Inc. ("Truxedo" or "Plaintiff") states as follows:

### THE PARTIES

1.     Plaintiff Truxedo, Inc. is a Delaware Corporation and has its principal place of business at 2209 Kellen Gross Drive, Yankton, South Dakota 57078.

2.     Upon information and belief, Defendant M2 Distribution Ltd. ("M2" or "Defendant") is Washington Corporation and has its principal place of business at 1313 E. Maple Street, #201-565, Bellingham, Washington 98225.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      Defendant is subject to personal jurisdiction in this district because, *inter alia*, it directly and through its related entities regularly does, solicits, and transacts business in the Eastern District of Michigan, such as by selling or offering to sell products, including cover systems under the name "TYGER."

5.      Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and § 1400(b).

## GENERAL ALLEGATIONS

6.      On May 27, 2003, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 6,568,740 ("the '740 Patent"), entitled COVER SYSTEM FOR TRUCK BOX ITH FASTENING MEANS, to Jerry R. Dimmer.  A copy of the '740 Patent is attached hereto as Exhibit A.

7.      Truxedo, Inc. owns all right, title and interest in and to the '740 Patent.   A true and accurate copy of the assignment record to Truxedo, as applicable to the '740 Patent, is attached at Exhibit B.

8.     Possessing all right, title and interest in and to the '740 Patent, and the '740 Patent being in full force and effect, Plaintiff has the right to sue for any infringement thereof.

## BACKGROUND

9.     According to the U.S. Patent and Trademark Office records, Defendant is the owner of the TYGER mark.  Exhibit C.

10.     Defendant offers to sell and sells multiple tonneau cover products, including those identified under the TYGER mark.  Exhibit D.

11.     The TYGER mark is used in conjunction with www.tygerauto.com, where multiple products are offered for sale, including tonneau covers such as the TYGER RoLock.  Exhibit E.

12.     TYGER RoLock tonneau covers are offered for sale across the country, including in this district, and have the following identifiers and configuration:

 















13.    On its Facebook page, Tyger Auto states the following: "We now have only 3 authorized online sellers. MaxMate Depot on Amazon, TygerAuto and Jeepro-USA on eBay. If you bought Tyger parts from different channels other than these 3 authorized online sellers, the warranty will be voided." Exhibit F

14.    The links www.maxmatedepot.com and www.jeepro-USA.com, link to Defendant's website. Exhibit G

15.    Upon information and belief, Defendant distributes, offers for sale and sells through Tyger Auto, Jeepro-USA and MaxMate Depot, the TYGER RoLock tonneau covers referenced above.

16.    Upon information and belief, Cixi City Liyuan Auto Parts Co., Lt. manufactures the TYGER RoLock tonneau cover for Defendant.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 6,568,740

17.    Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18.    Upon information and belief, Defendant is infringing the '740 Patent, either directly or contributorily, by making, using, offering to sell, or selling tonneau covers, and specifically the TYGER Rolock cover, without the authority of Plaintiff and in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

19. Defendant's TYGER RoLock cover system includes a flexible cover material, the dimensions of which are approximately the same as the dimensions of the open top.

20. In Defendant's TYGER RoLock cover system, the flexible cover material has an upwardly facing surface and a downwardly facing surface.

21. In Defendant's TYGER RoLock cover system, a first fastening means disposed along at least a portion of two side edges of said downwardly facing surface of said flexible cover material.

22. In Defendant's TYGER RoLock cover system, a side rail capable of being mounted adjacent a top edge of at least one of said walls has an outwardly facing surface defining a channel portion.

23. In Defendant's TYGER RoLock cover system, a second fastening means comprising a fastening surface fixedly attached to an elongated substantially rigid slat, said fastening surface being capable of reversible attachment to said first fastening means.

24. In Defendant's TYGER RoLock cover system, said second fastening means being received in sliding engagement within said channel portion.

25. In Defendant's TYGER RoLock cover system, when said flexible cover material is spread over said open top container or truck box, said first fastening means and said fastening surface of said second fastening means face one

another and act to secure at least part of the cover material to at least part of the rail when actuated.

26.    In sum, Defendant has infringed at least claim 1 of the '740 Patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling a TYGER RoLock cover system for a cargo box of a vehicle in the United States.

27.    Defendant has contributed to infringement of at least claim 1 of the '740 Patent under 35 U.S.C. § 271(c) by selling, offering for sale, and providing the TYGER RoLock cover and encouraging, instructing, providing, and aiding others to use the TYGER RoLock cover in an infringing manner. Exhibit H  Upon information and belief, Defendant has engaged in these activities knowing that the TYGER RoLock cover is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of the '740 Patent.

28.    The TYGER RoLock tonneau cover is a material part of the invention described in the '740 Patent.  The TYGER RoLock tonneau cover is not a staple article or commodity of commerce suitable for substantial non-infringing use.

29.    Plaintiff has complied with the marking notice requirements of 35 U.S.C. § 287 for the '740 Patent.

30.    By reason of Defendant's acts of infringement, Plaintiff has suffered and is suffering damages in an amount to be determined.

31.     Defendant's acts of infringement are causing irreparable harm to Plaintiff and will continue to cause irreparable harm unless enjoined by this Court.

32.     This is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.


## RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

A.      A judgment declaring that Defendant has infringed the '740 in violation of 35 U.S.C. § 271;

B.      A preliminary and a permanent injunction prohibiting Defendant and its respective parents, subsidiaries, principals, officers, directors, agents, attorneys, employees, and all others in privity and concert therewith, from infringing the '740 Patent, pursuant to 35 U.S.C. § 283;

C.      A judgment awarding Plaintiff its damages for patent infringement, together with prejudgment interest, post-judgment interest, and costs, against Defendant pursuant to 35 U.S.C. § 284;

D.      An order increasing awarded damages by three times the amount found or assessed under 35 U.S.C. § 284;

E.      A judgment declaring this an exceptional case and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285;

F.      Such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands

a trial by jury for each and every issue so permitted by law and statute.


Dated:      October 28, 2016          s/George D. Moustakas/                          
                                      HARNESS, DICKEY & PIERCE, P.L.C.
                                      George D. Moustakas
                                      5445 Corporate Drive, Suite 200
                                      Troy, MI 48098-2683
                                      (248) 641-1600
                                      (248) 641-0270 Fax
                                      gdmoustakas@hdp.com

                                      *Attorneys for Plaintiff*

21142400.1